IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| METROM RAIL, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-49-RGA |
| SIEMENS MOBILITY, INC., et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Plaintiff asserts five patents in five counts against two groups of Defendants. (D.I. 32). Plaintiff also asserts a count of tortious interference with prospective economic advantage and a count of "civil conspiracy" against all Defendants.

Each Defendant group has filed a motion to dismiss all counts. (D.I. 37, 39). Those two motions are fully briefed. (D.I. 38, 45, 47; D.I. 40, 45, 48). All Defendants have filed a motion to sever the cases against each group. (D.I. 41). It too is fully briefed. (D.I. 42, 46, 49).

Defendants raise a litany of reasons to dismiss the patent counts. They say the claims of direct infringement are not plausible. (D.I. 38 at 9-14; D.I. 40 at 6-10). Neither are the claims of indirect infringement. (D.I. 38 at 14-16; D.I. 40 at 11-12). Neither are the claims of willful infringement. (D.I. 38 at 16-17; D.I. 40 at 12-13).

All five patents assert systems claims. The amended complaint asserts that each Defendant offers for sale, or has sold the Pilot project, to the New York MTA. The allegations

of direct infringement are plausible for Siemens and Thales[1] (D.I. 32, ¶ 65); not so for Humatics and Piper.[2] Siemens relies on three summary judgment cases (D.I. 38 at 9-10), but they require more than is required at the motion to dismiss stage of the case. It does not trouble me that Plaintiff relies upon allegations made pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure. Boilerplate invocations of the doctrine of equivalents as an alternative to literal infringement are sufficient.

The allegations of indirect infringement and willful infringement are sufficient. Plaintiff identified three of the five asserted patents to Defendants in a letter dated June 24, 2019. (D.I. 32 at 17). The filing of the original complaint in this case on January 13, 2022, provides notice of the other two asserted patents as of that date. The allegations of knowledge and intent to infringe are sufficient for induced infringement, at least as of June 24, 2019, for the three patents named in that letter, and as of January 13, 2022, for the other two asserted patents. The same allegations, combined with the assertion of "no substantial non-infringing uses" is sufficient to support contributory infringement allegations from those dates. Finally, the willful infringement allegations are sufficient for the three asserted patents identified in the June 24, 2019, letter. *See Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022 (D. Del. Sept. 30, 2021).

Plaintiff's tortious interference with prospective economic advantage claim is preempted by federal patent law with respect to Humatics, Piper, and Thales. "The patent laws will not preempt such claims if they include additional elements not found in the federal patent law cause

---

[1] Thales recently changed its name to Ground Transportation Systems USA, Inc. The motion and the briefing refer to this party as Thales so I will do the same to avoid confusion. (D.I. 38 at 1 n.1).

[2] Allegations of direct infringement do not require much. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).

of action and if they are not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law." *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999). Plaintiff's complaint alleges Defendants interfered with Metrom's business expectation "by deliberately infringing Metrom's patents, or submitting proposals to the MTA knowing that they would inevitably infringe Metrom's patent rights in the future." (D.I. 32, ¶ 128). These acts are covered by federal patent law. Therefore, these claims are preempted with respect to Humatics, Piper, and Thales.

Plaintiff's tortious interference claim is not preempted with respect to Siemens. Plaintiff alleges Siemens "improperly influenced the MTA to reject Metrom's bid, by obtaining Metrom's bid amount and by compensating consultants who lobbied the MTA for Siemens without disclosing their affiliation with Siemens." (*Id.* at 91). These claims go beyond patent infringement. Therefore, Plaintiff's claim against Siemens is not preempted by federal patent law.

Siemens argues Plaintiff fails to allege a reasonable probability of business expectancy, intentional interference by Siemens, and improper conduct. (D.I. 38 at 19-20).

Plaintiff has sufficiently pled facts to show a bona fide expectancy of a business relationship with MTA. Plaintiff has alleged that there were only three parties bidding—Plaintiff, Siemens, and Thales (D.I. 32 at 11), that Plaintiff was well positioned to win the bid because it had more experience than the other parties (*id.* at 9-11), and that it was invited to submit a bid by the MTA (*id.* at 10). Based on these facts, I think it is reasonable to infer that Plaintiff had a bona fide expectancy of securing MTA's business. *Cf. Sustainable Energy Generation Grp. v. Photon Energy Projects B.V.*, 2014 WL 2433096, at *15 (Del. Ch. May 30, 2014) (finding no reasonable

expectancy for failure to describe the plaintiff's relationship with decisionmakers or the competitive landscape).

Plaintiff has sufficiently alleged intentional interference. Plaintiff alleges that Siemens wrongfully obtained Plaintiff's bid amount and improperly lobbied, or paid consultants to lobby, the MTA. (D.I. 32, ¶¶ 38-39, 130). Plaintiff also alleges that Defendant "conspired with the RFP authors to alter the RFP and issue an RFP 'addendum' favorable to Siemens." (*Id.* at ¶ 40). Accepting the facts as true, and drawing reasonable inferences in Plaintiff's favor, I find that this plausibly alleges Siemens intentionally interfered and committed wrongful conduct.

Therefore, Plaintiff's claim of tortious interference against Siemens is sufficiently pled, but the claims against Thales, Piper, and Humatics are preempted.

Plaintiff's claim for civil conspiracy against the parties is preempted by federal patent law. "Under Delaware law, civil conspiracy requires: (1) A confederation or combination of two or more persons; (2) An unlawful act done in furtherance of the conspiracy; and (3) Actual damage."[3] *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 446 (D. Del. 2007) (internal quotation marks and citation omitted). Plaintiff argues it has alleged an unlawful act that is separate from patent infringement – tortious interference. (D.I. 45 at 26).

While Plaintiff has stated a claim of tortious interference against Siemens, I do not read the complaint to allege that it was done in furtherance of the conspiracy. Plaintiff's complaint alleges that Siemens improperly lobbied the MTA and obtained Plaintiff's bid amount and that a Defendant "conspired with the RFP authors to alter the RFP and issue an RFP 'addendum' favorable to Siemens." (D.I. 32 at 12). As discussed above, Plaintiff only alleges facts to

---

[3] I assume for present purposes Delaware law applies. There might be an argument that New York law applies.

plausibly show that "Defendant" refers to Siemens. Plaintiff alleges that a secret addendum issued that was favorable to Thales and Siemens, but that is not the same as alleging that the lobbying was done to create an addendum favorable to Thales.

Therefore, Plaintiff's claim for civil conspiracy based on tortious interference fails because it does not plead an unlawful act done in furtherance of the conspiracy. To the extent the complaint alleges acts done in furtherance of a conspiracy between all Defendants to infringe Plaintiff's patents, the claim is preempted by federal patent law.

The motion to sever is granted. One case will be against Siemens and Humatics; the other against Thales and Piper.

Therefore, the motions to dismiss (D.I. 37, 39) are GRANTED in part and DENIED in part. The claims of direct infringement against Humatics and Piper are DISMISSED, Count VI is DISMISSED against Piper, Humatics, and Thales, and Count VII is DISMISSED against all Defendants. The motion to sever (D.I. 41) is GRANTED.[4]

IT IS SO ORDERED this 22nd day of March 2023.

/s/ Richard G. Andrews
United States District Judge

---

[4] The Court cannot help but note that it appears that the case should be transferred to the Southern District of New York, which would clearly have a much greater interest in a case that is all about the New York MTA, its bid processes, and Plaintiff's allegations of nefariousness in connection with the same. Perhaps there is some reason why the case could not have been brought there. Within two weeks, any party opposed to a transfer to the Southern District should file a brief explaining why such transfer is either impermissible, or, if permissible, why the case should nevertheless not be transferred.